**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**08 C 50120**

JEFFREY A. GROGAN,

     Plaintiff,

                         **Plaintiff Demands Trial By Jury**

    v.

SCHOOL DISTRICT #205 - ROCKFORD

     Defendant.

**JUDGE REINHARD
MAGISTRATE JUDGE MAHONEY**

**COMPLAINT**

    NOW COMES Plaintiff, JEFFREY A. GROGAN ("GROGAN" and/or "PLAINTIFF"),

complaining against Defendant, SCHOOLS DISTRICT #205 - ROCKFORD

("DISTRICT 205" and/or "DEFENDANT"), and in so doing states as follows:

**NATURE OF THE CASE**

    1.    In this three (3) count Complaint, Plaintiff GROGAN seeks redress for

Defendant's creation and perpetuation gender discrimination, and retaliation in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and for violations

under Illinois Civil Rights Act of 2003.

**PROCEDURAL REQUIREMENTS**

    2.    Plaintiff fulfilled all conditions precedent to the institution of this action under

Title VII, as amended by the Civil Rights Act of 1991.

    3.    Plaintiff filed a "Charge of Discrimination" with the Illinois Department of

Human Rights (IDHR) and Equal Employment Opportunity Commission.  *See IDHR Charge of*

*Discriminations attached hereto as Exhibit "B".*

4.    The agencies (IDHR and EEOC) have since issued a "Notice of Right to Sue (Issued on Request)" dated May 29, 2008 and April 15, 2008.  *See Notices of Right to Sue, attached hereto as Exhibit "A".*

5.    Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the issuance of the *Notices of Right to Sue.*

## JURISDICTION AND VENUE

6.    This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §1331 and §1343.  Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C, § 1367 (a).

7.    Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

8.    Plaintiff JEFFREY A. GROGAN is a male that resides in Rockford, Illinois, within the Northern District of Illinois.

9.    Defendant District 205 is a governmental entity with offices in this Judicial District.

10.    Defendant  District 205  is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## **FACTS UPON WHICH CLAIMS ARE BASED**

11.     Plaintiff was an employee of Defendant pursuant to Title VII from at least December 15, 2005 and still is employed as an employee with Defendant as a part-time clerical substitute.

12.     At all relevant times, Plaintiff performed his job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

13.     On a continuing, ongoing and escalating basis the Plaintiff has repeatedly been denied promotion to a full time employment position(s) with the Defendant based on his sex.

14.     Further, after filing a Charge of Discrimination and/or complaining of discrimination the Defendant retaliated against the Plaintiff.

15.     Both the failure to hire/promote and the retaliation have caused the Plaintiff a loss of income, benefits and other harms.

16.     Plaintiff repeatedly reported/complained about the ongoing and continuous gender discrimination and/or retaliation to Defendant's supervisory personnel.

17.     After Plaintiff reported the repeated, discrimination and/or retaliation, Defendant took no action to investigate, remedy, stop, alleviate, or otherwise address the discrimination.

18.     The actions of Defendant in intentionally engaging in and condoning discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

19.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

20.     Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief, however Plaintiff does incorporate by reference all facts and allegations contained in the attached IDHR Charge of Discrimination.

## COUNT I

### SEX DISCRIMINATION
### VIOLATION OF TITLE VII
### CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.

21.     Plaintiff incorporates and realleges all paragraphs as if fully set forth herein against Defendant.

22.     At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was his "employer" covered by and within the meaning of Title VII.

23.     The actions of Defendant as perpetrated by its agents are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

24.     At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his gender.  Defendant had a duty under Title VII to prevent the ongoing sex discrimination.

25.     Plaintiff has a federally protected right to work in a workplace that is free from gender discrimination.

26.    Plaintiff reported the gender/sex discrimination, and retaliation on numerous occasions to management and supervisory employees of Defendant.

27.    Despite knowledge of repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and/or retaliation.

28.    The discriminatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

29.    Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

30.    Defendant maintains a work environment that discriminates against male employees.

31.    The actions of Defendant in intentionally engaging in and condoning sex discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

a.    All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

b.    Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c.    Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d.    A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

e.      A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

f.      The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.      An injunctive order requiring the Defendants to offer the Plaintiff one or more of the positions to which the Plaintiff was denied and/or not promoted to.

h.      An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.      Such other relief as the Court may deem just or equitable.

## COUNT TWO
## RETALIATION
## VIOLATION OF TITLE VII
## CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.

32.    Plaintiff incorporates and realleges all paragraphs of this Complaint as if fully set forth herein against Defendant.

33.    At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was his "employer" covered by and within the meaning of Title VII.

34.    At all times relevant to this cause of action the employees of District 205 and other relevant human resources personnel and supervisory employees were all "agents" of Defendant covered by and within the meaning of Title VII.

35.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they constitute retaliation for Plaintiff reporting Defendant's sex discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

36.     At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from retaliating against Plaintiff based on his complaints of Defendant's sex discrimination, the deprivation of his rights and  his attempts to exercise his rights to work in a workplace.  Defendant further had a duty to refrain from retaliating against Plaintiff because he exercised his rights under Title VII.   Defendant had a duty under Title VII to prevent the ongoing discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace hostile work environment.

37.     Plaintiff has a federally protected right to work in a workplace that is free from retaliation.

38.     Plaintiff reported the ongoing retaliation on numerous occasions to various management and supervisory employees of Defendants.

39.     Despite knowledge of the retaliation, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing retaliation.

40.     Defendant intentionally retaliated against Plaintiff for complaining about and reporting Defendant's discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace harassment, hostile work environment, and discriminatory treatment by among other things, altering the conditions of Plaintiff's employment.

41.     The retaliatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

42.     Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

43.     There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's demotion.

44.     Plaintiff was not hired/promoted but for his reports/complaints of Defendant's sex discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace harassment and hostile work environment. .

45.     The actions of Defendant in intentionally retaliating against Plaintiff in Violation of Title VII have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

46.     The actions of the Defendant violate the Title VII retaliation provisions in that the actions caused or will likely cause a reasonable employee would have found employer's challenged action materially adverse, i.e. that challenged action could well dissuade reasonable employee from protected conduct.

### PRAYER FOR RELIEF FOR COUNT TWO

**WHEREFORE**, Plaintiff respectfully requests:

a.  All wages and benefits Plaintiff would have received but for the retaliation and/or failure to promote, including pre-judgment interest;

b.  Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c.  Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d.  The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and

are determined to be in full compliance with the law;

e.  Enter an Order requiring the Defendant to offer the Plaintiff one or more of those promotional opportunities denied to the Plaintiff;

f.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

g.  Such other relief as the Court may deem just or equitable.

## COUNT THREE

### VIOLATION OF ILLINOIS CIVIL RIGHTS ACT OF 2003
(740 ILCS 23/)

47.    Plaintiff incorporates and realleges all paragraphs of this Complaint as if fully set

forth herein against Defendant.

48.    Illinois Civil Rights Act of 2003 (IRCA) states:

Sec. 5. Discrimination prohibited.
(a) No unit of State, county, or local government in Illinois shall:
  (1) exclude a person from participation in, deny a
        person the benefits of, or subject a person to discrimination under any
        program or activity on the grounds of that person's race, color, national
        origin, or gender; or
        (2) utilize criteria or methods of administration
        that have the effect of subjecting individuals to discrimination because of
        their race, color, national origin, or gender.
        (b) Any party aggrieved by conduct that violates subsection (a) may bring
        a civil lawsuit, in a federal district court or State circuit court, against the
        offending unit of government. Any State claim brought in federal district
        court shall be a supplemental claim to a federal claim……

49. As alleged herein the Plaintiff alleges that the Defendant violated the

IRCA by discrimination based on sex.

50. As the violation of IRCA occurred less than two years prior to the filing

of this suit, the claims are within the IRCA statute of limitations of two (2)

years.

51.  Under the ICRA no unit of State, county or local government shall

"utilize criteria or methods of administration that have the effect of subjecting

individuals to discrimination based on sex. The statute does not reference to

intent.

## PRAYER FOR RELIEF FOR COUNT THREE

**WHEREFORE**, Plaintiff respectfully requests:

a.  An award to the plaintiff of actual damages.

a.      The court, as it deems appropriate, is asked to grant as relief any

permanent or preliminary negative or mandatory injunction, temporary

restraining order, or other order.

c Award of reasonable attorneys' fees and costs, including expert

witness fees and other litigation expenses,

b.      punitive damages available under section 5(a)(1) of the IRCP;

c.      Such other relief as the Court may deem just or equitable.


## JURY DEMAND

Plaintiff demands trial by Jury on all counts so triable.

Submitted by

_____

John C. Ireland

John C. Ireland

The Law Office Of John C. Ireland
1921 Charles Lane
Aurora, Illinois   60505
630-464-9675
Facsimile 630-206-0889
# 628137
Atty4employees@aol.com

**08 C 50 1 20**

# EXHIBIT "A"

EEOC Form 151-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  **Jeffrey A. Grogan**
5866 Colleen Ave
Rockford, IL 61109

**CERTIFIED MAIL 7099 3400 0014 4054 2853**

From:  **Chicago District Office**
**500 West Madison St**
**Suite 2800**
**Chicago, IL 60661**

☐  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2007-01427** | **Armemola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                04/15/2008

Enclosures(s)

**John P. Rowe,**
**District Director**

*(Date Mailed)*

cc:  **SCHOOL DIST #205 ROCKFORD**
201 S Madison St
Rockford, IL 61104



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5054 1293

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

May 29, 2008

Mr. Jeffrey A. Grogan
5866 Colleen Ave.
Rockford, IL  61109

Re:  EEOC Charge Against Rockford Public School Dist. # 205
     No. 440200802296

Dear Mr. Grogan:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you have
specifically requested this Notice, you are hereby notified that you
have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.,
against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.  If you cannot afford or are unable to retain an
attorney to represent you, the Court may, at its discretion, assist
you in obtaining an attorney.  If you plan to ask the Court to help
you find an attorney, you must make this request of the Court in the
form and manner it requires.  Your request to the Court should be
made well before the end of the time period mentioned above.  A
request for representation does not relieve you of the obligation to
file suit within this 90-day period.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

                    Sincerely,

                Grace Chung Becker
          Acting Assistant Attorney General
                Civil Rights Division

          by      Karen J. Ferguson

                Karen L. Ferguson
          Supervisory Civil Rights Analyst
          Employment Litigation Section

cc:  Chicago District Office, EEOC
     Rockford Public School Dist. # 205

08 C 50 120

# EXHIBIT "B"

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#07W0326.09

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2007CF2753 |
| ☐ EEOC | |

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) Jeffrey A. Grogan | HOME TELEPHONE (include area code) (815) 874-7715 |
|---|---|

| STREET ADDRESS 5866 Colleen Avenue | CITY, STATE AND ZIP CODE Rockford, IL 61109 | DATE OF BIRTH / / |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME School District #205 - Rockford | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code) (815) 966-3000 |
|---|---|---|

| STREET ADDRESS 201 S. Madison Street | CITY, STATE AND ZIP CODE Rockford, IL 61104 | COUNTY Winnebago |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON: Sex | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) 3/16/2007 ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

**I. A. ISSUE/BASIS**
  **FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION – LATE OCTOBER 2006, DUE TO MY SEX, MALE**

  DEPT OF HU...
  MAY 0 2 2007

  **B. PRIMA FACIE ALLEGATIONS**
  1. My sex is male.

  2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

  3. In October 2006, I applied for and was well qualified for a full-time clerical position at Respondent's Carlson Elementary School.

**(Continued)**

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS 26th DAY OF April , 2007 _____ NOTARY SIGNATURE |
|---|---|
| "OFFICIAL SEAL" JENNIFER JOHNSON Notary Public, State of Illinois My Commission Expires 09/01, 2008 NOTARY SEAL | x _Jeffrey A. Grogan_ 4-26-2007 SIGNATURE OF COMPLAINANT DATE I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

"Return this copy"

Complainant: Jeffrey Grogan
Charge Number: 2007CF2753
Page 2

    4. In late October 2006, a female was hired for the position.

    5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

    6. No reason was given by Respondent for the adverse harm.

II.    A. ISSUE/BASIS
       FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION –
       JANUARY 22, 2007, DUE TO MY SEX, MALE

       B. PRIMA FACIE ALLEGATIONS

    1. My sex is male.

    2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

    3. In January 2007, I applied for and was well qualified for a full-time clerical position in Respondent's Administration Building in the Payroll Department.

    4. On or about January 22, 2007, a female was hired to fill the position.

    5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

    6. No reason was given by Respondent for the adverse harm.

III.    A. ISSUE/BASIS
       FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION –
       JANUARY 22, 2007, DUE TO MY SEX, MALE

       B. PRIMA FACIE ALLEGATIONS

    1. My sex is male.

    2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

    3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's Roosevelt Elementary School.

(Continued)

Complainant: Jeffrey Grogan
Charge Number: 2007CF2753
Page 3

   4. On or about January 22, 2007, a female was hired to fill the position.

   5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

   6. No reason was given by Respondent for the adverse harm.

IV.   A. ISSUE/BASIS
      FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION –
      JANUARY 22, 2007, DUE TO MY SEX, MALE

      B. PRIMA FACIE ALLEGATIONS

      1. My sex is male.

      2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

      3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's West Elementary School.

      4. On or about January 22, 2007, a female was hired to fill the position.

      5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

      6. No reason was given by Respondent for the adverse harm.

V.    A. ISSUE/BASIS
      FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION –
      FEBRUARY 20, 2007, DUE TO MY SEX, MALE

      B. PRIMA FACIE ALLEGATIONS

      1. My sex is male.

      2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

      3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's Sterling High School.

(Continued)

Complainant: Jeffrey Grogan
Charge Number: 2007CF2753
Page 4

    4. On or about February 20, 2007, a female was hired to fill the position.

    5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

    6. No reason was given by Respondent for the adverse harm.

VI.   A. ISSUE/BASIS
      FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION –
      FEBRUARY 20, 2007, DUE TO MY SEX, MALE

      B. PRIMA FACIE ALLEGATIONS

    1. My sex is male.

    2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

    3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's Jefferson Elementary School.

    4. On or about February 20, 2007, a female was hired to fill the position.

    5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

    6. No reason was given by Respondent for the adverse harm.

VII.  A. ISSUE/BASIS
      FAILURE TO HIRE FOR TWO FULL-TIME CLERICAL POSITIONS –
      FEBRUARY 20, 2007, DUE TO MY SEX, MALE

      B. PRIMA FACIE ALLEGATIONS

    1. My sex is male.

    2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

    3. In January 2007, I applied for and was well qualified for two full-time clerical positions at Respondent's Jefferson Elementary School.

(Continued)

Complainant: Jeffrey Grogan
Charge Number: 2007CF2753
Page 5

4. On or about February 20, 2007, a female was hired to fill the position.

5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

6. No reason was given by Respondent for the adverse harm.

VIII. A. ISSUE/BASIS
FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION – FEBRUARY 20, 2007, DUE TO MY SEX, MALE

B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's Roosevelt Elementary School.

4. On or about February 20, 2007, a female was hired to fill the position.

5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

6. No reason was given by Respondent for the adverse harm.

IX. A. ISSUE/BASIS
FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION – MARCH 16, 2007, BASED ON MY SEX, MALE

B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's Administration Building in the Legal Department.

4. On or about March 16, 2007, a female was hired to fill the position.

(Continued)

Complainant: Jeffrey Grogan
Charge Number: 2007CF2753
Page 6

    5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

    6. No reason was given by Respondent for the adverse harm.

## X. A. ISSUE/BASIS
FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION – MARCH 16, 2007, BASED ON MY SEX, MALE

### B. PRIMA FACIE ALLEGATIONS

    1. My sex is male.

    2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

    3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's Holley Center in the Transportation Department.

    4. On or about March 16, 2007, a female was hired to fill the position.

    5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

    6. No reason was given by Respondent for the adverse harm.

## XI. A. ISSUE/BASIS
FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION – MARCH 16, 2007, BASED ON MY SEX, MALE

### B. PRIMA FACIE ALLEGATIONS

    1. My sex is male.

    2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

    3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's Roosevelt Elementary School.

    4. On or about March 16, 2007, a female was hired to fill the position.

(Continued)

Complainant: Jeffrey Grogan
Charge Number: 2007CF2753
Page 7

    5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

    6. No reason was given by Respondent for the adverse harm.

## XII. A. ISSUE/BASIS

FAILURE TO HIRE FOR FULL-TIME CLERICAL POSITION – MARCH 16, 2007, BASED ON MY SEX, MALE

### B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

3. In January 2007, I applied for and was well qualified for a full-time clerical position at Respondent's Lincoln Elementary School.

4. On or about March 16, 2007, a female was hired to fill the position.

5. I am the only male clerk working for Respondent. Respondent failed to consider me for the position based on my sex, male.

6. No reason was given by Respondent for the adverse harm.

## XIII. A. ISSUE/BASIS

REMOVED FROM SCHEDULE  – MARCH 15, 2007, BASED ON MY SEX, MALE

### B. PRIMA FACIE ALLEGATIONS

1. My sex is male.

2. My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

3. On March 15, 2007, I was informed that I had been removed from an assignment I was scheduled for at Respondent's Gregory Elementary School on April 2, 2007.

4. Similarly situated female employees have not been removed from their scheduled assignments.

(Continued)

Complainant: Jeffrey Grogan
Charge Number: 2007CF2753
Page 8

     5.  No reason was given by Respondent for removing me from the assignment.

XIV.  A.  ISSUE/BASIS
          REMOVED FROM SCHEDULE – MARCH 15, 2007, BASED ON MY SEX, MALE

      B.  PRIMA FACIE ALLEGATIONS

     1.  My sex is male.

     2.  My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

     3.  On March 15, 2007, I was informed that I had been removed from an assignment at Respondent's Nelson Elementary School on April 9, 2007.

     4.  Similarly situated female employees have not been removed from their scheduled assignments.

     5.  No reason was given by Respondent for removing me from the assignment.

XV.  A.  ISSUE/BASIS
        REMOVED FROM SCHEDULE – MARCH 15, 2007, BASED ON MY SEX, MALE

      B.  PRIMA FACIE ALLEGATIONS

     1.  My sex is male.

     2.  My performance met Respondent's legitimate expectations. I began my employment as a part-time Clerical Substitute with Respondent on December 15, 2005.

     3.  On March 15, 2007, I was informed that I had been removed from an assignment at Respondent's Resa Facility on May 11, 2007.

     4.  Similarly situated female employees have not been removed from their scheduled assignments.

     5.  No reason was given by Respondent for removing me from the assignment.

JJT/RCG