IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JEFFREY A. GROGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08-CV-50120 |
| v. ) | |
| ) | Judge: PHILIP G. REINHARD |
| SCHOOL DISTRICT #205 - ROCKFORD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, ROCKFORD BOARD OF EDUCATION SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS (incorrectly identified as "School District #205 – Rockford", and hereinafter "Defendant" and/or "Board"), by and through its attorneys, HINSHAW & CULBERTSON LLP, hereby filing its Memorandum of Law in Support of Its Motion to Dismiss Count III of Plaintiff's Complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff has been registered as a clerical substitute with the Board since approximately December 2005. Plaintiff has sought full-time clerical opportunities with the Defendant, but has been unsuccessful at obtaining a position. Accordingly, Plaintiff filed the instant multi-count Complaint against the Defendant alleging that his failure to obtain a full-time position is the result of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* ("Title VII"). Plaintiff also seeks relief for his gender discrimination claim pursuant to the Illinois Civil Rights Act of 2003 ("ICRA"), 740 ILCS 23/1 *et seq.*

**ARGUMENT**

The law is well settled that a complaint will be dismissed if it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claims entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). In this case, Plaintiff is not entitled to relief under the ICRA inasmuch as his claim is preempted by the Illinois Human Rights Act (hereinafter "IHRA"). Moreover, even if his ICRA cause of action were not preempted, Plaintiff has not sufficiently pleaded a cause of action under the ICRA. Therefore, the Board's motion to dismiss Count III of Plaintiff's Complaint should be granted in its entirety.

**I.   THE ILLINOIS HUMAN RIGHTS ACT PREEMPTS PLAINTIFF'S CLAIM UNDER THE CIVIL RIGHTS ACT OF 2003.**

The Illinois Civil Rights Act of 2003 does not provide a mechanism for employees to seek redress for alleged discrimination claims. Section 8-111(D) of the IHRA provides, "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(D). Thus, the IHRA is the preemptive and exclusive vehicle for resolving employment discrimination cases in Illinois. *Baker v. Miller*, 159 Ill.2d 249, 256 (Ill. 1994); *Meehan v. Illinois Power Co.*, 347 Ill.App.3d 761, 763 (5th Dist. 2004). The IHRA preempts **all** state law claims that seek redress for "civil rights violations" covered by the Act, irrespective of whether the claim is alleged as a common law violation, constitutional violation, or statutory violation. *Quantock v. Shared Marketing Services, Inc.*, 312 F.3d 899, 905 (7th Cir. 2002) (stating that the IHRA "preempts tort claims that are 'inextricably linked' to allegations" covered by the Act "and requires that such claims be brought only before the Illinois Human Rights Commission"); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (explaining that dismissal of plaintiff's state common

law claim for intentional infliction of emotional distress was proper because the claim was inextricably linked to his disability discrimination claims and, therefore, preempted by the IHRA); *Baker*, 159 Ill.2d at 266 (concluding that the IHRA preempts claims under the employment discrimination section of the Illinois Constitution); *Damato v. Jack Phelan Chevrolet Geo, Inc.*, 927 F.Supp. 283, 292 (N.D.Ill. 1996) (explaining that employment-based claims brought under the Illinois Hate Crime statute are preempted by the IHRA).

In this case, Plaintiff specifically alleges employment discrimination based on his gender. (Plaintiff's Complaint, ¶¶ 1, 11-31). Plaintiff relies on the same set of facts that make up his gender discrimination claim to assert that the Defendant also violated the ICRA. (Plaintiff's Complaint, ¶¶ 47-51). The Court's decision in *Damato* instructs that the IHRA preempts Illinois statutory claims – such as Count III of Plaintiff's Complaint – that are inextricably linked to allegations covered by the IHRA. *Damato*, 927 F.Supp. at 292.

In *Damato*, the plaintiff filed a multi-count complaint alleging, among other things, a violation of the Illinois Hate Crimes Act (IHCA). *Damato*, 927 F.Supp. at 285. The plaintiff's hate crime claim was based on the same set of facts as her sexual harassment and national origin discrimination claims. *Id*. at 292. The Defendants argued that the legislature intended the IHRA to preempt statutory hate crime claims arising in the employment arena. *Id*. The Court in *Damato* recognized that the IHCA was enacted after the IHRA and stated that "[i]t is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter. In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in those prior statutes." *Id*. (citation omitted). The Court noted that the policy embodied in the IHRA, the prior statute, was that the IHRA was the exclusive source for redress of civil rights violations that arise out of one's

3

employment. *Id*. The Court continued by explaining that in light of the IHRA's policy, it was "unlikely that the Illinois legislature intended to give plaintiffs a second bite at the apple of recovery." *Id*. The *Damato* Court ultimately determined that plaintiff's hate crime claim was inextricably linked to claims covered by the IHRA and, therefore, her claims under the IHCA were preempted by the IHRA. *Id*.

Likewise, the legislature had in mind the IHRA when it enacted the ICRA. Moreover, the legislature, when enacting the ICRA, did nothing to expressly repeal or amend the IHRA. As such, it is presumed that the provisions of the ICRA are in accord with the policy embodied in the IHRA; namely, that the IHRA is the exclusive source for redress of civil rights violations that arise out of one's employment. Inasmuch as Plaintiff's instant claim under the ICRA is based solely on allegations for which the IHRA provides redress, Count III of Plaintiff's Complaint is preempted by the IHRA and should be dismissed with prejudice.

## II. PLAINTIFF FAILED TO STATE A CLAIM UNDER THE ILLINOIS CIVIL RIGHTS ACT OF 2003.

Even if Plaintiff's ICRA claim were not preempted – which it is – Plaintiff has failed to state a claim under the ICRA upon which relief may be granted. Plaintiff filed his three-count complaint alleging he has been unsuccessful in obtaining a full-time position with Defendant because of his gender and because of retaliation. (Plaintiff's Complaint, ¶¶ 1, 13-15). Plaintiff's third count asserts that the facts alleged in his sex discrimination claim also constitute a violation of the ICRA. (Plaintiff's Complaint, ¶¶ 47, 49). Plaintiff's understanding of the ICRA is mistaken.

Plaintiff's Complaint consists of nothing more than bald allegations that his failure to obtain full-time employment with the Defendant is due to gender discrimination. Noticeably missing from Plaintiff's Complaint are any details about the positions for which Plaintiff

allegedly applied, and was not hired. Indeed, the only details about the positions that make up his failure to hire claim are found in the Charge of Discrimination attached to Plaintiff's Complaint as "Exhibit B". That Charge of Discrimination alleges that between October 2006 and March 2007 Plaintiff was not selected for certain full-time clerical positions with the Defendant because of his gender.

Notwithstanding Plaintiff's bald conclusion that his employment-based gender discrimination claim establishes a violation of the ICRA, the ICRA provides no such relief for civil rights violations within the employment arena. The ICRA states, in part:

> No unit of State, county, or local government in Illinois shall:
>
> (1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, national origin, or gender; or
>
> (2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, national origin, or gender.

740 ILCS 23/5(a). Plaintiff's Complaint fails to state a claim under the ICRA inasmuch as he did not identify any "program" or "activity" under which he was subjected to discrimination. Moreover, Plaintiff's Charge of Discrimination establishes that the last instance of alleged gender discrimination occurred in March 2007. The ICRA did not include gender as a protected class until January 1, 2008. 740 ILCS 23/1 et seq., as amended by Public Act 93-425 (adding gender as a protected category effective January 1, 2008). Consequently, the facts set forth in Plaintiff's Complaint are insufficient to establish a claim of gender discrimination under the ICRA.

70570011v1 39718

### III. CONCLUSION

As set forth above, the claim set forth in Count III of Plaintiff's Complaint is preempted by the Illinois Human Rights Act. Moreover, Plaintiff fails to state a claim in Count III of his Complaint for which relief may be granted. Therefore, Count III of Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, the Defendant, ROCKFORD BOARD OF EDUCATION SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS, respectfully requests that this Court dismiss Count III of Plaintiff's Complaint with prejudice, or in the alternative, for an Order striking Plaintiff's prayer for punitive damages, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Lori L. Hoadley
    Lori L. Hoadley

Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900

70570011v1 39718

**AFFIDAVIT OF SERVICE**

The undersigned certifies that on August 22, 2008, a copy of the foregoing Defendant's Memorandum of Law in Support of Its Motion to Dismiss Count III of Plaintiff's Complaint was electronically served via the U.S. District Court CM/ECF E-Filing System upon the following:

**Grogan v. Rockford School District #205**

For Plaintiff:
John C. Ireland, Esq.
1921 Charles Lane
Aurora, IL  60505


s/ Rhonda Walker


Firm No. 695
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
Phone  815.490.4900
Fax  815.490.4901

70570011v1 39718