IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JEFFREY A. GROGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08-CV-50120 |
| v. ) | |
| ) | |
| SCHOOL DISTRICT #205 - ROCKFORD, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, the ROCKFORD BOARD OF EDUCATION SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS (incorrectly identified as "School District #205 – Rockford", and hereinafter "Defendant" and/or "Board"), by and through its attorneys, HINSHAW & CULBERTSON LLP, hereby filing its Answer and Affirmative Defenses to Plaintiff's Complaint and stating as follows:

Nature of the Case

1. In this three (3) count Complaint, Plaintiff, GROGAN seeks redress for Defendant's creation and perpetuation gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and for violations under Illinois Civil Rights Act of 2003.

**ANSWER:**  Defendant admits Plaintiff Grogan seeks to bring a cause of action for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Illinois Civil Rights Act of 2003.  Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

Procedural Requirements

2. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

**ANSWER:**  This paragraph states a legal conclusion and, thus, no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, hence, denies the same.

3.  Plaintiff filed a "Charge of Discrimination" with the Illinois Department of Human Rights (IDHR) and Equal Employment Opportunity Commission. *See IDHR Charge of Discrimination attached hereto as Exhibit "B".*

**ANSWER:**  Defendant admits Plaintiff filed a "Charge of Discrimination" with the Illinois Department of Human Rights (IDHR) and further admits that this Charge was cross-filed with the Equal Employment Opportunity Commission (EEOC). Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

4.  The agencies (IDHR and EEOC) have since issued a "Notice of Right to Sue (Issued on Request)" dated May 29, 2008 and April 15, 2008. *See Notices of Right to Sue, attached hereto as Exhibit "A".*

**ANSWER:**  Defendant admits the Equal Employment Opportunity Commission (EEOC) issued Plaintiff a "Notice of Right to Sue" on or about April 15, 2008. Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

5.  Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the issuance of the *Notices of Right to Sue.*

**ANSWER:**  This paragraph states a legal conclusion and, thus, an answer is not required. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, hence, denies the same.

70569854v1  886357  39718

Jurisdiction and Venue

6.     This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. § 1331 and § 1343. Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C. § 1367 (a).

**ANSWER:**   Defendant admits Plaintiff seeks to bring a cause of action under Title VII of the Civil Rights Act of 1964 and, therefore, jurisdiction is proper pursuant to 28 U.S.C. § 1331. Defendant admits that Plaintiff seeks to bring a cause of action under the Illinois Civil Rights Act of 2003, but denies that 28 U.S.C. § 1367(a) confers jurisdiction over Plaintiff's Illinois state law claim. Defendant further denies that it engaged in any wrong-doing and denies that the allegations herein state a claim upon which relief may be granted. Defendant denies any remaining allegations contained in this paragraph.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

**ANSWER:**   Defendant admits that venue is proper in the United States District Court, Northern District of Illinois, Western Division.

Parties

8.     Plaintiff JEFFREY A. GROGAN is a male that resides in Rockford, Illinois, within the Northern District of Illinois.

**ANSWER:**   Defendant admits the allegations contained in this paragraph.

9.     Defendant District 205 is a governmental entity with offices in this Judicial District.

**ANSWER:**   Defendant admits the allegations contained in this paragraph.

3

10.     Defendant District 205 is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Section 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.

**ANSWER:**     Defendant admits the allegations contained in this paragraph.

Alleged Facts

11.     Plaintiff was an employee of Defendant pursuant to Title VII from at least December 15, 2005 and still is employed as an employee with Defendant as a part-time clerical substitute.

**ANSWER:**     Defendant admits that Plaintiff began as a clerical substitute in or around December 2005 and remains a clerical substitute for Defendant. Defendant denies the remaining allegations contained in this paragraph.

12.     At all relevant times, Plaintiff performed his job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

13.     On a continuing, ongoing and escalating basis the Plaintiff has repeatedly been denied promotion to a full time employment position(s) with the Defendant based on his sex.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

14.     Further, after filing a Charge of Discrimination and/or complaining of discrimination the Defendant retaliated against the Plaintiff.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

15.     Both the failure to hire/promote and the retaliation have caused the Plaintiff a loss of income, benefits and other harms.

**ANSWER:**     Defendant denies the allegations contained in this paragraph.

16.     Plaintiff repeatedly reported/complained about the ongoing and continuous gender discrimination and/or retaliation to Defendant's supervisory personnel.

**ANSWER:**   Defendant denies the allegations contained in this paragraph.

17.   After Plaintiff reported the repeated, discrimination and/or retaliation, Defendant took no action to investigate, remedy, stop, alleviate or otherwise address the discrimination.

**ANSWER:**   Defendant denies the allegations contained in this paragraph.

18.   The actions of Defendant in intentionally engaging in and condoning discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses and other consequential damages.

**ANSWER:**   Defendant denies the allegations contained in this paragraph.

19.   All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

**ANSWER:**   This paragraph states a legal conclusion and, thus, no answer is required. To the extent an answer is required, Defendant denies the allegations and conclusion contained in this paragraph.  Defendant further denies that it engaged in any wrong-doing and denies that the allegations herein state a claim upon which relief may be granted.

20.   Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedures for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief, however, Plaintiff does incorporate by reference all facts and allegations contained in the attached IDHR Charge of Discrimination.

**ANSWER:**   This paragraph states a legal conclusion and, thus, no answer is required. To the extent an answer is required, Defendant denies the allegations and conclusion contained in this paragraph.  Defendant further denies that it engaged in any wrong-doing and denies that the allegations herein state a claim upon which relief may be granted.  Defendant denies the

70569854v1  886357  39718

remaining allegations contained in this paragraph and which are incorporated by reference in this paragraph.

### Sex Discrimination – First Count for Relief

21.    Plaintiff incorporates and realleges all paragraphs as if fully set forth herein against Defendant.

**ANSWER:**    Defendant incorporates and restates its Answers to all paragraphs of this Complaint as if fully set forth herein.

22.    At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was his "employer" covered by and within the meaning of Title VII

**ANSWER:**    Defendant admits the allegations contained in this paragraph.

23.    The actions of Defendant as perpetrated by its agents are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

24.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his gender. Defendant had a duty under Title VII to prevent the ongoing sex discrimination.

**ANSWER:**    Defendant admits Title VII of the Civil Rights Act of 1964, as amended makes it an unlawful employment practice to discriminate because of an individual's gender. Defendant denies that it engaged in any wrong-doing and denies that the allegations herein state a claim upon which relief may be granted. Defendant further denies the remaining allegations contained in this paragraph.

70569854v1  886357  39718

25. Plaintiff had a federally protected right to work in a workplace that is free from gender discrimination.

**ANSWER:** Defendant admits Title VII of the Civil Rights Act of 1964, as amended makes it an unlawful employment practice to discriminate because of an individual's gender. Defendant denies that it engaged in any wrong-doing and denies that the allegations herein state a claim upon which relief may be granted. Defendant further denies the remaining allegations contained in this paragraph.

26. Plaintiff reported the gender/sex discrimination, and retaliation on numerous occasions to management and supervisory employees of Defendant.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

27. Despite knowledge of repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and/or retaliation.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

28. The discriminatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

29. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

30. Defendant maintains a work environment that discriminates against male employees.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

70569854v1  886357  39718

31. The actions of the Defendant in intentionally engaging in and condoning sex discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Defendant ROCKFORD BOARD OF EDUCATION SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS moves for an Order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

Retaliation – Second Count for Relief

32. Plaintiff incorporates and realleges all paragraphs of this Complaint as if fully set forth herein against Defendant.

**ANSWER:** Defendant incorporates and restates its Answers to all paragraphs of this Complaint as if fully set forth herein.

33. At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was his "employer" covered by and within the meaning of Title VII.

**ANSWER:** Defendant admits the allegations contained in this paragraph.

34. At all times relevant to this cause of action the employees of District 205 and other relevant human resources personnel and supervisory employees were all "agents" of Defendant covered by and within the meaning of Title VII.

**ANSWER:** This paragraph states a legal conclusion and, thus, no answer is required. To the extent an answer is required, Defendant lacks sufficient knowledge or information as to the identities of the individuals that Plaintiff claims are "agents" so as to form a belief as to the truth of the allegations contained in this paragraph; hence, Defendant denies the allegations contained in this paragraph.

35.　The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they constitute retaliation for Plaintiff reporting Defendant's sex discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 (e), et seq.

**ANSWER:**　Defendant denies the allegations contained in this paragraph.

36.　At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from retaliating against Plaintiff based on his complaints of Defendant's sex discrimination; the deprivation of his rights and his attempts to exercise his rights to work in a workplace. Defendant further had a duty to refrain from retaliating against Plaintiff because he exercised his rights under Title VII. Defendant had a duty under Title VII to prevent the ongoing discrimination, the deprivation of his rights and his attempts to exercise his rights in a workplace hostile work environment.

**ANSWER:**　Defendant admits Title VII of the Civil Rights Act of 1964, as amended makes it an unlawful employment practice to retaliate against an employee for engaging in an activity protected by Title VII. Defendant denies that it engaged in any wrong-doing and denies that the allegations herein state a claim upon which relief may be granted. Defendant further denies the remaining allegations contained in this paragraph.

37.　Plaintiff has federally protected right to work in a workplace that is free from retaliation.

**ANSWER:**　Defendant admits Title VII of the Civil Rights Act of 1964, as amended makes it an unlawful employment practice to retaliate against an employee for engaging in an activity protected by Title VII. Defendant denies that it engaged in any wrong-doing and denies that the allegations herein state a claim upon which relief may be granted. Defendant further denies the remaining allegations contained in this paragraph.

38.　Plaintiff reported the ongoing retaliation on numerous occasions to various management and supervisory employees of Defendants.

**ANSWER:**　Defendant denies the allegations contained in this paragraph.

70569854v1 886357 39718

39. Despite knowledge of the retaliation, and despite repeated report and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing retaliation.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

40. Defendant intentionally retaliated against Plaintiff for complaining about and reporting Defendant's discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace harassment, hostile work environment, and discriminatory treatment by among other things, altering the conditions of Plaintiff's employment.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

41. The retaliatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

42. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

43. There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's demotion.

**ANSWER:** Defendant denies that Plaintiff was demoted and further denies that it engaged in any wrong-doing. Defendant denies the remaining allegations contained in this paragraph.

44. Plaintiff was not hired/promoted but for his reports/complaints of Defendant's sex discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace harassment and hostile work environment.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

70569854v1 886357 39718

45. The actions of Defendant in intentionally retaliating against Plaintiff in Violation of Title VII have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

46. The actions of the Defendant violates the Title VII retaliation provisions in that the actions caused or will likely cause a reasonable employee who would have found employer's challenged action materially adverse, i.e. that challenged action could well dissuade reasonable employee from protected conduct.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

WHEREFORE, ROCKFORD BOARD OF EDUCATION SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS moves for an Order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

Illinois Civil Rights Act of 2003 – Third Count for Relief

47. Plaintiff incorporates and realleges all paragraphs of this Complaint as if fully set for the herein against Defendant.

**ANSWER:** Defendant incorporates and restates its Answers to all paragraphs of this Complaint as if fully set forth herein.

48. Illinois Civil Rights Act of 2003 (IRCA) [*sic.*] states:

Sec. 5 Discrimination prohibited.
(a) No unit of State, county, or local government in Illinois shall:
  (1) exclude a person from participation in, deny a
    person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, national origin, or gender; or
    (2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, national origin, or gender.
    (b) Any party aggrieved by conduct that violates subsection (a) may bring a civil lawsuit, in a federal district court or State circuit court, against the offending unit of government.

11

Any State claim brought in federal district court shall be a supplemental claim to federal claim…

**ANSWER:** The allegations in this paragraph refer to an Illinois Statute which is the best evidence of the contents thereof and Defendant denies each allegation that deviates from the language contained in the cited statute. Defendant further denies that it engaged in any wrong-doing and denies that the allegations stated herein state a claim for which relief may be granted.

49. As alleged herein the Plaintiff alleges that the Defendant violated the IRCA [sic] by discrimination based on sex.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

50. As the violation of IRCA [*sic*.] occurred less than two years prior to the filing of this suit, the claims are within the IRCA [*sic*.] statute of limitations of two (2) years.

**ANSWER:** Defendant denies the allegations contained in the paragraph.

51. Under the ICRA no unit of State, county or local government shall "utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination based on sex. The statute does not reference to intent [*sic*.].

**ANSWER:** The allegations in this paragraph refer to an Illinois Statute which is the best evidence of the contents thereof and Defendant denies each allegation that deviates from the language contained in the cited statute. Defendant further denies that it engaged in any wrong-doing and denies that the allegations stated herein state a claim for which relief may be granted.

WHEREFORE, ROCKFORD BOARD OF EDUCATION SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS moves for an Order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

70569854v1 886357 39718

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiff is barred from this cause of action to the extent he has failed to file a timely charge of discrimination and/or retaliation with the appropriate federal and state administrative agencies.

2. Plaintiff is barred from bringing this cause of action to the extent that Plaintiff has asserted, in a timely-filed charge, allegations which occurred in excess of 300 days prior to the date of said charge.

3. Plaintiff is barred from bringing this cause of action to the extent that Plaintiff has failed to institute this action within the statutory time frame after receipt of a Notice of Right to Sue.

4. Plaintiff is barred from recovery to the extent that he has failed to mitigate his damages.

5. Plaintiff's allegations contained in the Complaint are barred to the extent they are not like or reasonably related to the allegations made in his administrative agency charge.

6. Plaintiff has failed to state a claim upon which relief can be granted for reverse discrimination.

7. Plaintiff is barred from seeking monetary damages in this case to the extent they exceed the maximum allowed by statute.

8. The Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as the Local Governmental and Governmental Employees Tort Immunity Act bar Plaintiff from recovering punitive damages from the Board and its employees.

9. Punitive damages are not available under the Illinois Civil Rights Act of 2003.

WHEREFORE, ROCKFORD BOARD OF EDUCATION SCHOOL DISTRICT NO. 205, WINNEBAGO-BOONE COUNTIES, ILLINOIS moves for an Order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

70569854v1 886357 39718

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Lori L. Hoadley
 Lori L. Hoadley
 On of Its Attorneys

Lori L. Hoadley
Jonathon D. Hoag
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900

70569854v1 886357 39718

## AFFIDAVIT OF SERVICE

The undersigned certifies that on August 25, 2008, a copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint was electronically served via the U.S. District Court CM/ECF E-Filing System upon the following:

**Grogan v. Rockford School District #205**

For Plaintiff:
John C. Ireland, Esq.
1921 Charles Lane
Aurora, IL  60505


s/ Rhonda Walker


Firm No. 695
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
Phone  815.490.4900
Fax  815.490.4901

15